# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### Seattle Division

| | |
|---|---|
| **Ira Demarrio Washington Jr** )<br>　　Plaintiff, )<br>v. )<br> )<br>**King County, Washington** )<br>**Detective Sarah Gerlitz** )<br>**Seargant James Belford** )<br>　**King County et al** )<br>　Defendants. )<br> )<br> ) | Case No.: **2:25-W-02003-TL**<br><br>**AMENDMENT TO COMPLAINT** |

```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

        OCT 17 2025  LS

              AT SEATTLE
        CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

## I. JURISDICTION

This action is brought under 42 U.S.C. §1983 for violations of rights guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution.
This Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

## II. PARTIES

### Plaintiff:

Ira Demarrio Washington Jr,1150 N 192nd Street Shoreline,  WA 98133
206-235-2096/mister.washinton20@gmail.com

### Defendants:

King County, Washington

Detective Sarah Gerlitz

Seargant James Belford

King County et al

## III. STATEMENT OF FACTS

On Wednesday, June 18, 2025, Plaintiff was lawfully present at Center Faith Ministries, assisting an elderly congregant, during the church's Holy Convocation (June 17–20, 2025), an active church event with congregants attending both inside and outside the building. While parked in front of the church, multiple King County deputies approached with firearms drawn and detained Plaintiff for approximately 10–20 minutes pursuant to a court-issued search warrant. Plaintiff was instructed to wait for Detective Sarah Gerlitz, who conducted a DNA swab behind another vehicle. The location partially blocked church attendees from view but remained visible from nearby streets and sidewalks. Plaintiff was then escorted by three male deputies, one male sergeant (James Belford), and one female detective (Sarah Gerlitz) into a room inside the active church for a full-body forensic examination. The room was selected only after a male church member identified it, attempting to provide some privacy. No officers independently sought a private location. During the examination, Plaintiff was exposed to these five King County personnel. Additional officers were stationed throughout the church to secure the scene. Plaintiff's phone was seized under the authority of the search warrant. After the forensic examination, Detective Gerlitz prepared and handed Plaintiff the return of the search warrant, which listed only "DNA & photographs of person" under property seized and did not include Plaintiff's phone. While Plaintiff's grandmother was present, Plaintiff asked, "How long are you going to keep my phone?" Detective Gerlitz responded, "I'm probably going to need it for three days." Plaintiff later observed that the return did not accurately reflect the seizure of his phone,nor was a witness signature provided. As of October 15, 2025, Plaintiff has not received his phone, which remains unregistered in King County evidence. As a direct result of these actions, during an active church event, Plaintiff experienced humiliation, public exposure, emotional distress, anxiety, and ongoing PTSD symptoms, including nightmares, flashbacks, and hypervigilance. Plaintiff has avoided attending church since the incident and suffered loss of personal property.

## IV. CLAIMS FOR RELIEF

### Alleged Constitutional Violations

### Fourth Amendment – Unreasonable Search and Seizure:

Plaintiff was unlawfully detained at gunpoint for approximately 10–20 minutes while lawfully parked at Center of Faith Ministries. Detective Sarah Gerlitz conducted a DNA collection in a semi-public area, visible from nearby streets and sidewalks. Plaintiff was then escorted by Sergeant James Belford, Detective Gerlitz, and three male deputies into a church room for full-body forensic photographs, despite the presence of church members and the ability to conduct the examination at a private facility. Plaintiff's phone was seized under the authority of

the search warrant but was not listed in the warrant's return and has not been returned. These actions constitute unreasonable searches and seizures in violation of the Fourth Amendment.

**Fourteenth Amendment – Substantive Due Process (Bodily Integrity, Privacy, and Dignity):** Plaintiff was forced to submit to full-body forensic photographs in an active religious environment during a Holy Convocation event, with five officers present, including a male sergeant and a female detective. Church members were present or nearby, observing to the extent possible. Defendants could have conducted the examination at a private facility but did not. These actions violated Plaintiff's rights to privacy, bodily integrity, and personal dignity under the Fourteenth Amendment.

**King County Liability:** Plaintiff alleges that King County's policies, customs, and training failed to ensure that searches and forensic examinations were conducted in a manner that protected privacy, dignity, and bodily integrity. The constitutional violations described above occurred as a direct result of these deficiencies, establishing municipal liability under 42 U.S.C. § 1983 (Monell liability).

## V. RELIEF REQUESTED

Plaintiff seeks the following damages and relief related to the events of June 18, 2025

**Compensatory Damages** for emotional distress, humiliation, anxiety, and ongoing PTSD symptoms, including nightmares, flashbacks, and hypervigilance, caused by detention, public exposure, and the invasive forensic body examination conducted inside an active religious setting with church members present: **$700,000**.

**Compensatory Damages** for seizure and non-return of personal property, specifically Plaintiff's phone, which remains unreturned despite being seized under the warrant: **$10,000**.

**Punitive Damages** against individual officers, including Detective Sarah Gerlitz, Sergeant James Belford, and other deputies involved, to deter future misconduct and violations of constitutional rights: **$240,000**.

**Injunctive Relief** requiring King County to review and revise its policies, procedures, and training regarding the execution of forensic body examinations and detention procedures, particularly when conducted in sensitive locations such as places of worship, to prevent future violations of constitutional rights.

**Total Relief Requested: $950,000**

*Justification:* The unusual nature of this case—including violations of Fourth and Fourteenth Amendment rights, the execution of a forensic body examination in a religious setting during an active church event, and failure to return seized personal property—supports the total amount requested. These damages reflect the severity of the constitutional violations, the psychological harm caused, and the need to deter similar future misconduct.

## VI. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

**Respectfully submitted,**

Ira Demarrio Washington Jr
Plaintiff, Pro Se
206-235-2096
mister.washinton20@gmail.com

Date: 10/17/2025

## CERTIFICATE OF SERVICE

I hereby certify that on 10/17/2025, I served a true and correct copy of the foregoing AMENDMENT TO COMPLAINT to the following parties:

King County Prosecuting Attorney's Office – Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104

DATED: 10/17/2025

Ira Demarrio Washington Jr
Plaintiff, Pro Se