UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRA DEMARRIO WASHINGTON, JR.,<br>Plaintiff,<br><br>v.<br><br>KING COUNTY et al.,<br>Defendants. | CASE NO. 2:25-cv-02003-TL<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court on its own motion.

Plaintiff Ira Demarrio Washington, Jr., proceeding pro se, initiated this civil rights action on October 15, 2025, by filing a proposed complaint (Dkt. No. 1-1) along with an application to proceed *in forma pauperis* (Dkt. No. 1). Two days later, on October 17, 2025, Plaintiff filed a proposed amended complaint. Dkt. No. 6. On October 20, 2025, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 4. Plaintiff's First Amended Complaint was filed on the docket the same day.

ORDER TO SHOW CAUSE – 1

Dkt. No. 7. With leave of the Court, Plaintiff filed a Second Amended Complaint ("SAC") on November 4, 2025. Dkt. No. 12.

Since Plaintiff filed the SAC, there has been no action in this case. Plaintiff does not appear to have requested summons, nor have summons been issued.

Federal Rule of Civil Procedure 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "It is the obligation of a party seeking the issuance of a summons by the clerk to present the summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service. Forms of summons may be obtained from the clerk." Local Civil Rule 4(a) [1]; *see also* Fed. R. Civ. P. 4(b). "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). The Court may dismiss a case for a plaintiff's failure to prosecute their case. *See Ash v. Cvetkov*, 739 F.2d 493, 496–97 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); see also Fed. R. Civ. P. 41(b) (involuntary dismissal where a plaintiff fails to prosecute).

Here, more than ninety (90) days have elapsed since the complaint was filed. No summons have been issued, and it does not appear that Plaintiff has taken any action to serve Defendants or move forward with this case. While the Court acknowledges that Plaintiff is proceeding pro se (without an attorney), all litigants are required to comply with Court and procedural rules.

//

//

---

[1] A blank summons form may also be found on the Court's website at https://www.wawd.uscourts.gov/court-forms (titled "Summons in a Civil Action").

ORDER TO SHOW CAUSE – 2

The Court therefore ORDERS Plaintiff, within **twenty-one (21) days** of this Order (i.e., on or before **May 6, 2026**), to file proof that each defendant has been served with a summons and the SAC or has waived service, or, alternatively, to show good cause why service has not been completed and request an extension.

Dated this 15th day of April, 2026.

_____
Tana Lin
United States District Judge

ORDER TO SHOW CAUSE – 3